UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ESCOBAR MOLINA, Plaintiff, -against- CARDOSO REST CORP. d/b/a LAREIRA RESTAURANT and PEDRO CARDOSO, Defendants. | **No. 26 Civ. 7126** **COMPLAINT** **JURY TRIAL DEMANDED** |

Plaintiff Jose Escobar Molina ("Plaintiff" or "Escobar"), by his attorneys Pechman Law Group PLLC, complaining of Defendant Cardoso Rest Corp. d/b/a Lareira Restaurant ("Lareira Restaurant") and Pedro Cardoso ("Cardoso") (all together, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

1. Jose Escobar Molina was employed as a cook at Lareira Restaurant for over twenty years, working up to sixty-four hours per workweek. Throughout his employment, Escobar did not receive overtime compensation at a rate of time and a half his regular rate for hours worked in excess of forty per workweek or spread-of-hours pay for shifts that spanned over ten hours. In addition, Defendants failed to furnish Escobar with wage statements that accurately reflected, *inter alia*, his hours worked and wage rates with each payment of wages.

2. Plaintiff brings this action seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgement interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the New York Labor Law § 190, *et seq*. ("NYLL").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Lareira Restaurant's principal place of business is in the Eastern District of New York.

## THE PARTIES

**Plaintiff Jose Escobar Molina**

5. Jose Escobar Molina resides in Nassau County, New York.

6. Defendants employed Escobar from approximately 2006 through October 2, 2026.

**Defendant Cardoso Rest Corp. d/b/a Lareira Restaurant**

7. Defendant Cardoso Rest Corp. is a New York corporation that owns, operates, and does business as Lareira Restaurant located at 66 E. Jericho Turnpike, Mineola, New York 11501.

8. Lareira Restaurant is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

9. Lareira Restaurant has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. In the three years preceding the filing of this Complaint, Lareira's has had an annual gross volume of sales in excess of $500,000.

**Defendant Pedro Cardoso**

11. Defendant Pedro Cardoso is the owner and operator of Lareira Restaurant, and is listed as the principal on the New York State Liquor License.

12. Throughout Plaintiff's employment, Pedro Cardoso held and exercised power and authority over personnel decisions at Lareira Restaurant, including the power to discipline employees, hire and fire employees, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of plaintiff's employment.

13. For example, Pedro Cardoso paid and terminated Plaintiff.

14. Throughout Plaintiff's employment, Cardoso was regularly present at Lareira Restaurant, directing the work duties of employees, including Plaintiff.

15. Throughout Plaintiff's employment, Cardoso operated and controlled Lareira Restaurant's day-to-day operations and management.

16. Cardoso determined Plaintiff's rate of pay and granted pay raises to Plaintiff and other employees.

17. Cardoso exercised sufficient control over Lareira Restaurant's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

18. Throughout his employment, Escobar worked as a cook at Lareira Restaurant. He was responsible for cooking, tracking inventory, ordering food and ingredients, and plating.

19. During Plaintiff's employment, Defendants did not maintain a time keeping system at Lareira Restaurant to accurately record hours worked by employees, including Plaintiff.

20. From approximately 2006 through March 2020, Escobar regularly worked approximately six days per week, Monday, from approximately 10:00 a.m. to 4:00 p.m.; Tuesday and Wednesday, from approximately 10:00 a.m. to 9:30 p.m.; Friday and Saturday, from approximately 10:00 a.m. to 10:00 p.m.; and Sunday from approximately 10:00 a.m. to 9:00 p.m.; for total of sixty-four hours.

21. At the beginning of 2020, Defendants paid Escobar a weekly rate of $950 in cash for all hours worked per week, including hours worked over forty.

22. In or around Summer 2020, Defendants increased Escobar's weekly rate to $1,000 in cash for all hours worked per week, including hours worked over forty.

23. Escobar worked a slightly varied schedule throughout the COVID-19. From approximately April 2020 until October 2020, Escobar worked Monday through Wednesday, from approximately 10:00 a.m. to 8:00 p.m.; Thursday from approximately 4:00 p.m. to 8:00 p.m.; and Friday to Sunday, from approximately 10:00 a.m. to 8:00 p.m.; for a total of sixty-four hours.

24. During this period, Defendants continued to pay Escobar a weekly rate of $1,000 for all hours worked, including hours worked over forty.

25. In approximately October 2020, Escobar returned to his regular schedule of Monday, from approximately 10:00 a.m. to 4:00 p.m.; Tuesday and Wednesday, from approximately 10:00 a.m. to 9:30 p.m.; Friday and Saturday, from approximately 10:00 a.m. to 10:00 p.m.; and Sunday from approximately 10:00 a.m. to 9:00 a.m, for a total of sixty-four hours.

26. In or around 2021, Defendants increased Escobar's weekly rate to $1,100 in cash for all hours worked, including hours worked over forty.

27. Throughout his employment, Defendants failed to compensate Escobar at an overtime rate of one and one-half times his regular rate of pay for hours worked over

forty per week.

28. Defendants did not provide Escobar with spread-of-hours pay, *i.e.* an extra hour of wages at the full minimum wage rate on each day that he worked shifts spanning over ten hours, as required by the NYLL.

29. Despite Escobar's start time being 10:00 a.m., Defendants often required Escobar to arrive between 6:30 a.m. to 7:00 a.m. For instance, on December 23, 2023, an order was going to be picked up at 10:30 a.m. by a customer therefore, Escobar was required to arrive early at approximately 7:00 a.m. and had to stay until his shift ended at 10:00 p.m.

30. On Holidays, such as Easter, Mother's Day, Thanksgiving, Christmas, and 4th of July, from approximately 2012 to 2024, Defendants required Escobar to arrive between approximately 6:30 a.m. to 7:00 a.m. From approximately 2024 to 2026, Defendants required Escobar to arrive between 8:30 a.m. to 9:00 a.m.

31. Additionally, Defendants required Escobar to work on Thanksgiving despite Thursday's being his regular day off. Defendants did not provide Escobar with any extra pay whatsoever for working on his days off.

32. Throughout his employment, Defendants failed to furnish Escobar with accurate wage statements reflecting, *inter alia*, his rate of pay or the number of hours that he had worked in any workweek when he was paid in violation of the WTPA. Had Defendants complied with the WTPA by issuing compliant wage statements to Plaintiff, Plaintiff would have used the statements to advocate to rectify Defendants' unlawful wage payment practices.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime Wages)**

33. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

34. Defendants were employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

35. Defendants were required to pay Plaintiff one and one-half (1½) times the greater of his regular rate or the full federal minimum wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

36. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

37. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

38. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**SECOND CLAIM**
**(NYLL – Unpaid Overtime Wages)**

39. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

40. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff.

41. Under NYDOL Regulations, including 12 N.Y.C.R.R. § 146-1.4, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular rate of pay for all hours worked in excess of forty per workweek.

42. Defendants failed to pay Plaintiff the overtime wages to which he was entitled to under the NYLL and its supporting regulations.

43. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff's overtime wages.

44. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

**THIRD CLAIM**
**(NYLL – Spread of Hours Pay)**

45. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

46. Defendants willfully failed to pay Plaintiff additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which his shift spread over more than ten hours, in violation of the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 146-1.6.

47. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid spread-of-hours pay, liquidated damages, pre- and post-judgement interest, and reasonable attorneys' fees and costs of the actions.

**FOURTH CLAIM**
**(NYLL – Failure to Provide Accurate Wage Statements)**

48. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

49. The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

50. Defendants' failure to comply with NYLL § 195(3) goes beyond technical violations. It is directly intertwined with and facilitated Defendants' practice and policy of not paying Plaintiff's minimum wages, overtime wages, and spread-of-hours pay.

51. As part of their general practice and policy, Defendants paid Plaintiff in cash without a wage statement that reflected his hours worked per workweek and regular

and overtime wage rates due, thereby preventing Plaintiff from knowing whether he received all pay at the correct wage rates due for all hours worked per workweek. Defendants did this to intentionally conceal from Plaintiff that he was entitled to receive the statutory minimum hourly wage rate, overtime rate of one and one-half times his regular hourly wage rate per hour worked over forty per workweek and spread-of-hours pay for shifts longer than ten hours. Had Defendants complied with the requirements of NYLL § 195(3), Plaintiff would have known that he was supposed to receive, and would have received or complained about not receiving, his minimum wages, overtime pay and spread-of-hours pay.

52. By concealing this information, Defendants avoided paying Plaintiff his overtime wages as well as spread-of-hours pay due per workweek as alleged in this Complaint.

53. Furthermore, by paying his wages in cash, Defendants injured Plaintiff by failing to pay employer-side payroll taxes, including FICA and social security. This concretely harmed Plaintiff because Defendants' failure to comply with the requirements of NYLL § 195(3) will, among other things, reduce his entitlement to future social security benefits.

54. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter a judgment:

a. declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL Regulations;

b. declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

c. declaring that Defendants violated the record-keeping provisions of the NYLL and WTPA;

d. declaring that Defendants' violations of the FLSA and the NYLL were willful;

e. enjoining and permanently restraining Defendants from further violations of the FLSA and NYLL;

f. awarding Plaintiff damages for unpaid overtime wages;

g. awarding Plaintiff damages for unpaid spread-of-hours pay;

h. awarding Plaintiff liquidated damages under the FLSA and NYLL;

i. awarding Plaintiff statutory damages as a result of Defendants' failure to furnish him accurate wage statements as required by the NYLL' s WTPA;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l. awarding Plaintiff such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
November 4, 2026

PECHMAN LAW GROUP PLLC

By: ______________________________

Louis Pechman
Miguel Tapia Colin
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
pechman@pechmanlaw.com
tapiacolin@pechmanlaw.com
*Attorneys for Plaintiff*